IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT M. JONES,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:16-CV-01021-SI

OPINION AND ORDER

Kristina S. Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nicholas M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent



SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of one state-court conviction for Robbery in the Second Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

In 2011, petitioner robbed three convenience stores in Jackson County. As a result, the Grand Jury indicted him on four counts of Robbery in the Second Degree as well as one count of Unlawful Possession of Methamphetamine. Respondent's Exhibit 102. He pled guilty to the drug charge, but proceeded to a court trial on the Robbery charges.

At trial, the evidence revealed that when he robbed the Minute Market in Ashland, Michelle Spencer and Erin Burris were working as store clerks. Burris did not testify, but Spencer testified that petitioner came into the Minute Market as the women prepared to close the store for the night. Spencer saw he was wearing a black hooded sweatshirt with a red bandana over his face. Respondent's Exhibit 104, pp. 15-16. Spencer was not alarmed at that point. She explained that she viewed petitioner's choice of attire as somewhat odd, "[b]ut it's Ashland, so I thought maybe it was normal for a second." *Id* at 16.

She saw petitioner approach the counter, pull up his sweatshirt to display a gun,[1] and say something to Burris that Spencer did not hear. At that point, Burris began to empty money from the register into a bag petitioner brought into the store

---

[1] It later turned out that petitioner was using a toy gun.

2 - OPINION AND ORDER

with him. *Id* at 17. Spencer, who had been about 10 feet away, moved behind the counter to be with Burris. She opened a second register and placed the money from it in petitioner's bag. *Id* at 17-18. Petitioner moved behind the counter where he attempted to open a safe and verified that both cash drawers were empty before fleeing the store. *Id*.

During closing argument, petitioner's attorney argued that there was insufficient evidence to convict petitioner as to Count One of the Indictment that alleged Robbery in the Second Degree as to Burris. Counsel explained:

> Very shortly, first off, I think that there's been insufficient evidence to indicate that as to Count I, relative to Erin [Burris], she hasn't been here and did not testify that she was – believed she was placed in danger, or – well wording is threatened physical force upon Erin [Burris]. That's someone that, without her to testify, I don't think the Court can find that she had physical – had a threat of physical force against her, without her testimony.

Respondent's Exhibit 105, pp. 40-41.

The trial court found petitioner guilty of Count I "notwithstanding the fact that Erin [Burris], which this count focuses on as the victim did not testify. The evidence is that [petitioner] pulled up his shirt in front of Ms. [Burris] to display this weapon, and that he had what appeared to be a deadly weapon." *Id* at 46. Petitioner raised the issue on direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Jones*, 261 Or. App. 473, 325 P.3d 844, re.

denied, 355 Or. 568, 329 P.3d 774 (2014). Although petitioner also filed for post-conviction relief, he later voluntarily dismissed that action. Respondent's Exhibits 112-115.

Petitioner filed this federal habeas corpus action on June 6, 2016 wherein he asserts that his Robbery conviction as to Burris violates his right to due process because there was insufficient evidence to justify that conviction. Respondent asks the court to deny relief on the Petition because the trial court reasonably applied federal law when it rejected this claim.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. Analysis

When reviewing a habeas corpus claim based on insufficient evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). When the record supports conflicting inferences, courts must presume the jury resolved the conflicts in favor of the prosecution. *Id* at 326. Because this issue occurs in the habeas corpus context which carries with it a stringent standard of review, this court is required to apply a "double dose of deference" to the state court

decision, a level of deference "that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

Petitioner could only be guilty of Robbery in the Second Degree as to Burris if the trial court could reasonably conclude that petitioner used or threatened the immediate use of force against her for the purpose of overcoming the resistance to the taking of property. *See* ORS 164.405 & 164.395. Petitioner argues that Spencer never testified that Burris saw him display the gun, and Burris did not testify at all. He theorizes that because Burris was stocking shelves at the front of the store when he arrived, she might have had her back to him when he displayed the gun.

Spencer testified that she did not even see petitioner until he was "almost up to the counter." Respondent's Exhibit 104, p. 15. She also testified that when petitioner displayed the gun, Burris was only two feet away from him because "[s]he had gone around to help him at the counter at that point." *Id* at 16. Taken in the light most favorable to the prosecution, the trial court could conclude from this testimony that Burris saw petitioner show her his gun, thus threatening the use of force and satisfying the elements of Robbery in the Second Degree. Accordingly, the trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

///
///
///

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 11th day of September, 2017.

Michael H. Simon
United States District Judge